**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

STATE OF TEXAS,
STATE OF ALASKA,
STATE OF FLORIDA, AND
STATE OF MISSOURI,
      *Plaintiffs*,

v.

ROBERT F. KENNEDY JR., in his official capacity
as Secretary of Health and Human Services;
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

      *Defendants.*

CASE NO. 5:24-CV-00225

---

**MOTION FOR LEAVE TO SUPPLEMENT AUTHORITIES UNDER LOCAL RULE 56.7**

Plaintiffs respectfully move the Court for leave to file the Office of Legal Counsel's recent opinion, *Application of the Rehabilitation Act and Americans with Disabilities Act to State Institutionalization of Patients with Severe Mental Illness or Disabilities*, Ex. 1, as supplemental authority in support of Plaintiffs' Motion for Summary Judgment, ECF No. 104. The Opinion agrees with the substance of Plaintiffs' challenge to the Final Rule's integration mandate and codification of liability for risk of institutionalization, concluding the Executive Branch lacks a statutory basis to impose either requirement on the States.

"Local Rule 56.7 gives a presiding judge leeway to allow a party to supplement its motion for summary judgment." *Smith v. State Farm Lloyds,* No. 2:18-CV-210-Z-BP, 2020 WL 2832393, at *5 (N.D. Tex. June 1, 2020). "The decision to grant or deny leave to supplement is within this Court's sound discretion." *Willingham v. Mktg. Assocs., Inc.*, No. 3:15-CV-1809-BN, 2016 WL 1182480, at *1 (N.D. Tex. Mar. 28, 2016).

The proposed supplemental authority is a Memorandum Opinion authored by the Department of Justice's Office of Legal Counsel, published June 18, 2026, which concludes that

"neither section 504 of the Rehabilitation Act nor Title II of the Americans with Disabilities Act ("ADA") imposed an integration mandate on states in their treatment of mentally disabled individuals. Nor does either statute authorize the responsible Executive Branch agencies to impose such a mandate." *Application of the Rehabilitation Act and Americans with Disabilities Act to State Institutionalization of Patients with Severe Mental Illness or Disabilities*, 50 Op. O.L.C. __, at *1 (June 18, 2026) available at https://www.justice.gov/olc/media/1446701/dl, Ex. 1 at 2. Similarly, the opinion revises the Government's view of *Olmstead v. L.C. ex rel. Zimring* to accord with the modest reading of that case advanced by Plaintiffs. *See id.* (opining that in *Olmstead* "the Supreme Court did not hold that section 504 of the Rehabilitation Act or Title II of the ADA require states to treat mentally disabled patients in the most integrated setting appropriate to their needs.").

Accordingly, the Opinion provides on-point analysis of the deficient statutory basis for mandatory integration and at-risk theory of discrimination—issues at the heart of this case. See *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412–13 (2024) ("Careful attention to the judgment of the Executive Branch may help . . . [courts] exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires.").

Further, the Opinion, published on June 18, was not available to Plaintiffs at the time they filed their Motion for Summary Judgment. Supplemental authorities are appropriate when a party seeks to "bring to the court's attention information that the party did not and could not have known prior to filing the original motion. *Sullivan v. State Farm Lloyds,* No. 3:05-CV-2000-L, 2006 WL 8437572, at *2 (N.D. Tex. Dec. 5, 2006). Defendants are not opposed to the Court admitting the Opinion as a supplemental authority, and, in any event, Executive Branch agencies cannot be prejudiced by a document that articulates their own policy.

Because the Opinion is highly relevant to the issues the Court must resolve, published later than Plaintiffs' Summary Judgment deadline, and not prejudicial to Defendants, the Court should grant the leave requested and allow Plaintiffs to file the June 18, 2026 Memorandum Opinion as a supplemental authority in support of their Motion for Summary Judgment.

Dated: July 1, 2026.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

**ZACHARY L. RHINES**
Special Counsel
Special Litigation Division
Texas State Bar No. 24116957
zachary.rhines@oag.texas.gov

*/s/ Kyle S. Tebo*
**KYLE S. TEBO**
Special Counsel
Legal Strategy Division
Texas State Bar No. 24137691
kyle.tebo@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:    (512) 463-2100
Facsimile:    (512) 457-4410

**COUNSEL FOR STATE OF TEXAS**

Respectfully submitted,

STEPHEN J. COX
Attorney General of Alaska

*/s/ Laura O. Russell*
**LAURA O. RUSSELL***
Alaska Bar No. 1311106

Assistant Attorney General
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
Telephone: (907) 269-5100
laura.russell@alaska.gov

**COUNSEL FOR STATE OF ALASKA**
*\*Pro Hac Vice*

JAMES UTHMEIER
Attorney General of Florida

*s/ Christine Kimberly Pratt*
**CHRISTINE KIMBERLY PRATT**
Office of the Florida Attorney General
400 S. Monroe Street
Tallahassee, Florida 32399
(352) 359-6689
christine.pratt@myfloridalegal.com

**COUNSEL FOR STATE OF FLORIDA**

CATHERINE L. HANAWAY
Attorney General of Missouri

*/s/ Louis Joseph Capozzi, III*
**LOUIS JOSEPH CAPOZZI, III**
Office of the Missouri Attorney General
207 W. High Street
Jefferson City, Missouri 65101
Louis.capozzi@ago.mo.gov

**COUNSEL FOR STATE OF MISSOURI**

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 26, 2026, I conferred with counsel for Defendants concerning this motion and Counsel indicated that Defendants are not opposed.

*/s/ Kyle S. Tebo*
KYLE S. TEBO

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF), and that all counsel of record were served by CM/ECF.

*/s/ Kyle S. Tebo*
KYLE S. TEBO