**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

STATE OF TEXAS, *et al.*,

Plaintiffs,

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health & Human Services, *et al.*,

Defendants.

Case No. 5:24-cv-00225

**JOINT MOTION FOR ENTRY OF FINAL JUDGMENT**

The States of Texas, Alaska, and Florida ("Plaintiffs") and the United States Department of Health and Human Services and Robert F. Kennedy, Jr., (in his official capacity as Secretary of Health & Human Services) ("Defendants" and collectively "the Parties"), having conferred and reached an agreement to settle this case, jointly and respectfully request that the Court enter a final judgment in the form set forth below. In support of this motion, the Parties state the following:

1. This case concerns a challenge to a Final Rule promulgated by Defendant HHS titled *Nondiscrimination on the Basis of Disability in Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 40,066 (May 9, 2024) ("Final Rule"). *See* ECF No. 89 (First Am. Compl.). Specifically, Plaintiffs allege that the Final Rule imposes (1) an "integration mandate" obligating states to administer their programs "in the most integrated setting appropriate to the needs of a qualified person with a disability" and (2) liability for actions that place persons at serious risk of institutionalization. *See id.* ¶¶ 42, 54. Plaintiffs claim that these mandates in the Final Rule exceed HHS's statutory authority (Count I), are arbitrary and capricious (Count II), and violate the Spending Clause of the United States

Constitution (Count III). *Id.* ¶¶ 253–79. For relief, Plaintiffs seek declaratory and injunctive relief, and vacatur of the Final Rule in its entirety. *Id.* at 34 (Demand for Relief). On May 4, 2026, Plaintiffs filed a motion for summary judgment on all three of their claims. *See* ECF No. 104.

2. On June 18, 2026, before Defendants' deadline to respond to the motion, as extended, the U.S. Department of Justice's Office of Legal Counsel issued a memorandum opinion concluding that "neither section 504 of the Rehabilitation Act nor Title II of the Americans with Disabilities Act ("ADA") imposed an integration mandate on states in their treatment of mentally disabled individuals. Nor does either statute authorize the responsible Executive Branch agencies to impose such a mandate." *Application of the Rehabilitation Act and Americans with Disabilities Act to State Institutionalization of Patients with Severe Mental Illness or Disabilities*, 50 Op. O.L.C. __, at *1 (June 18, 2026), available at https://www.justice.gov/olc/media/1446701/dl; *see also* ECF No. 117-1. The Office of Legal Counsel Opinion observed that "[c]onsistent with *Olmstead*'s fundamental holding, the choice to treat a disabled patient in an institution can be unjustified and hence discriminatory, but only when there are no legitimate, nondiscriminatory factors that weigh in favor of it." 50 Op. O.L.C. __, at *23.

3. In light of this development, Defendants have determined that it is in the interest of the public, the parties, and judicial economy, to resolve Plaintiffs' lawsuit without further protracted litigation.

4. Therefore, the Parties have agreed to resolve Plaintiffs' challenge to the Final Rule through a joint request that the Court enter a final judgment vacating the specific provision of the Final Rule on integration, 45 C.F.R. § 84.76, and related portions of the Code of Federal Regulations that use the phrase "most integrated setting," as described in the proposed order and final judgment, below.[1] If the Court grants the relief agreed to herein, Plaintiffs agree that their request for declaratory

[1] The proposed final judgment provides that the relevant portions of the Rule be vacated pursuant to 5 U.S.C. § 706. It is the position of the Department of Justice that the Administrative Procedure Act ("APA") does not authorize a court to vacate an agency rule, and that if vacatur is an available remedy,

and injunctive relief are unnecessary and that the remaining claims in Counts I, II, and III of Plaintiffs' Amended Complaint should be dismissed without prejudice.

For the foregoing reasons, the Parties respectfully request that the Court grant the Parties' Joint Motion and enter the attached proposed final judgment.

**[PROPOSED] ORDER AND FINAL JUDGMENT**

Upon consideration of the parties' joint motion for entry of final judgment and the entire record herein, it is hereby

**ORDERED** that the parties' joint motion is **GRANTED**; it is further

**ORDERED** that judgment is entered for Plaintiffs with respect to the following provisions of the final rule, *Nondiscrimination on the Basis of Disability in Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 40,066 (May 9, 2024) and/or of the Code of Federal Regulations, which are hereby **VACATED**:

- The definition of "Most integrated setting" in 45 C.F.R. § 84.10;
- The final sentence of 45 C.F.R. § 84.22(b), Methods: "In choosing among available methods for meeting the requirements of this section, a recipient shall give priority to those methods that offer programs and activities to qualified individuals with disabilities in the most integrated setting appropriate";
- 45 C.F.R. § 84.43(d);
- 45 C.F.R. § 84.68(d);
- 45 C.F.R. § 84.76, in its entirety;
- The final sentence of 45 C.F.R. § 84.93(b), Methods: "In choosing among available methods for meeting the requirements of this section, a recipient shall give priority to

---

then like all equitable remedies, such relief must be subject to traditional equitable limitations, including the principle of party-specific relief. The Department acknowledges, however, that there is substantial authority opposing this position in some circuits, including the Fifth Circuit, though the Supreme Court has not ruled on the issue. In jointly requesting with Plaintiffs that the Court enter the parties' proposed final judgment, the Department agrees not to pursue this position in this case, but it reserves the right to continue to advance this position in other cases.

those methods that offer programs and activities to qualified individuals with disabilities in the most integrated setting appropriate"; and it is further

**ORDERED** that the Court does not decide any other claim or legal issue beyond those necessary to afford the relief specified in this judgment; and

**ORDERED** that the remainder of Count I and Counts II and III of the First Amended Complaint, ECF No. 89, are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that this case is now closed.

**SO ORDERED.**

DATED: August 31, 2026

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ *Kyle S. Tebo*
**KYLE S. TEBO**
Special Counsel
Legal Strategy Division
Texas State Bar No. 24137691
kyle.tebo@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2100
Facsimile: (512) 457-4410

**COUNSEL FOR STATE OF TEXAS**

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

/s/ *Jacob S. Siler*
JACOB S. SILER (D.C. Bar No. 1003383)
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-4556
E-mail: jacob.s.siler@usdoj.gov

*Counsel for Defendants*

CORI MILLS
Acting Attorney General of Alaska

*/s/ Laura O. Russell*
**LAURA O. RUSSELL***
Alaska Bar No. 1311106

Assistant Attorney General
Alaska Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501-1994
Telephone: (907) 269-5100
laura.russell@alaska.gov

**COUNSEL FOR STATE OF ALASKA**
**Pro Hac Vice*

JAMES UTHMEIER
Attorney General of Florida

*s/ Christine Kimberly Pratt*
**CHRISTINE KIMBERLY PRATT**
Office of the Florida Attorney General
400 S. Monroe Street
Tallahassee, Florida 32399
(352) 359-6689
christine.pratt@myfloridalegal.com

**COUNSEL FOR STATE OF FLORIDA**

## CERTIFICATE OF CONFERENCE

I hereby certify that on August 31, 2026, the parties conferred and agreed to jointly move for the relief requested in this motion.

*/s/Jacob S. Siler*
Jacob S. Siler