UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

STATE OF TEXAS, et al.,

Plaintiffs,

v.

ROBERT F. KENNEDY, JR., In His Official Capacity as Secretary of Health and Human Services, et al.,

Defendants.

No. 5:24-CV-225-H

**ORDER AND FINAL JUDGMENT**

Before the Court is the parties' Joint Motion for Entry of Final Judgment. Dkt. No. 124. Having considered the motion, the amended complaint (Dkt. No. 89), and the applicable law, the Court grants the motion. Accordingly, the Court vacates the following provisions of the final rule *Nondiscrimination on the Basis of Disability in Programs or Activities Receiving Federal Financial Assistance*, 89 Fed. Reg. 40,066 (May 9, 2024), and of the Code of Federal Regulations:

- The definition of "Most integrated setting" in 45 C.F.R. § 84.10;
- The final sentence of 45 C.F.R. § 84.22(b), Methods: "In choosing among available methods for meeting the requirements of this section, a recipient shall give priority to those methods that offer programs and activities to qualified individuals with disabilities in the most integrated setting appropriate";
- 45 C.F.R. § 84.43(d);
- 45 C.F.R. § 84.68(d);

- 45 C.F.R. § 84.76, in its entirety;
- The final sentence of 45 C.F.R. § 84.93(b), Methods: "In choosing among available methods for meeting the requirements of this section, a recipient shall give priority to those methods that offer programs and activities to qualified individuals with disabilities in the most integrated setting appropriate."

The Court concludes that it has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1346, and 1361, and it is authorized to award the requested relief under 5 U.S.C. §§ 702, 703, and 706,[1] as well as the Court's inherent equitable powers. The Court does not decide any other claims or legal issues beyond those necessary to afford the relief specified in this judgment. The remainder of Count I and the whole of Counts II and III of the First Amended Complaint are dismissed without prejudice.

This order constitutes a final judgment under Federal Rule of Civil Procedure 58(a). The Clerk is directed to close this case.

[1] It is the position of the United States Department of Justice that the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, does not authorize the Court to vacate an agency rule, but if vacatur is an available remedy, then such relief must at least be party-specific. Dkt. No. 124 at 3 n.1. However, as the Department correctly acknowledges, "there is substantial authority opposing this position in some circuits, including the Fifth Circuit." *Id.* Indeed, the Fifth Circuit has held that "[v]acatur is the only statutorily prescribed remedy for a successful APA challenge to a regulation." *Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022); *see also Data Mktg. P'ship v. U.S. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022) ("The default rule is that vacatur is the appropriate remedy."). And the universality of vacatur is intrinsic to that relief. *See, e.g.*, *Texas v. U.S. Dep't of Transp.*, 726 F. Supp. 3d 695, 724–26 (N.D. Tex. 2024) (citing cases); *Nat'l Ass'n for Gun Rts., Inc. v. Garland*, 741 F. Supp. 3d 568, 610 (N.D. Tex. 2024) (O'Connor, J.) ("Vacatur operates on the legal status of a rule, causing the rule to lose binding force . . . . [T]he scope logically cannot be limited to specific parties." (footnote omitted) (citation modified)). All the same, in jointly requesting the present judgment with the plaintiffs, the Department states that it will not pursue its position on vacatur in this case, but it reserves the right to advance its position in other cases. Dkt. No. 124 at 3 n.1.

So ordered on September 23, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE